UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEMCY CORTEZ | CIVIL ACTION |
| VERSUS | NO: 15-0479 |
| HALLMARK CTY. MUT. INSUR. CO. | SECTION: "A" (2) |

### ORDER AND REASONS

Before the Court is a **Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and Rule 12(b)(3) Motion to Dismiss Based on Improper Venue / Forum Non Conveniens (Rec. Doc. 4)** filed by defendant Hallmark County Mutual Insurance Company ("Defendant"). Plaintiff Lemcy Cortez ("Plaintiff") opposes the motion. The motion, set for hearing on March 11, 2015, is before the Court on the briefs without oral argument.[1]

I.  BACKGROUND

The instant case arises out of an automobile accident on an Oklahoma state highway. Plaintiff alleges that on or about June 25, 2014, he was traveling westbound when the driver of another vehicle veered into his lane. Plaintiff claims that he suffered significant injuries and that the other driver was killed as a result of the accident. Plaintiff alleges that the accident

---

[1] The Court finds that oral argument would not be helpful to resolve the issues before it.

occurred as a result of the negligence of the other driver.

According to the Plaintiff, the other driver carried an insurance policy with Safeco Insurance with a $50,000 liability limit. Plaintiff reports that he settled with the other driver and Safeco under that policy.

Plaintiff now seeks via this litigation to recover uninsured / underinsured motorist and medical benefits from Defendant, whom Plaintiff claims had issued a policy of insurance to the vehicle which Plaintiff was driving at the time of collision.

## II. DISCUSSION

As Defendant has presented arguments under both 12(b)(6) and 12(b)(3), the Court will divide its analysis into two sections. It will first address the arguments under 12(b)(6).

### a. Motion to Dismiss via 12(b)(6)

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice.  *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.  *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).  To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face."  *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).  Legal conclusions must be supported by factual allegations.  *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

Defendant argues that Plaintiff settled his claim with the alleged tortfeasor and the alleged tortfeasor's insurance carrier without either giving notice to Defendant or allowing Defendant to tender an amount equal to the tentative settlement.  Defendant contends that these actions trigger exclusions in its policy and, in the alternative, render the policy null and void.

As an essential foundation for these arguments, Defendant

relies on record document evidence consisting not only of the policy at issue, but also other items such as an endorsement letter issued by Defendant and an affidavit.  Additionally, both the opposition filed by Plaintiff and the reply filed by Defendant rely heavily on affidavits, emails, vehicle registrations, and corporate information to either make or rebut the arguments presented.  The Court may not consider such materials in determining the merits of a 12(b)(6) motion.  Thus, the Court cannot address the merits of the arguments; if the parties choose to raise such arguments again, they will be better addressed on summary judgment at a later stage in the proceedings after appropriate discovery has been undertaken.[2]

   b.  **Motion to Dismiss via 12(b)(3)**

The Court will only address the issue of forum non conveniens in its 12(b)(3), as that is the only related issue briefed by Defendant.[3]

In resolving a forum non conveniens issue "the ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice."  *Syndicate 420 at Lloyd's*

---

[2] The Court's decision at this point in the proceedings should not be read as an indication of any opinion as to the merits of either party's argument.

[3] The Court notes the sparse briefing on this issue.  Defendant has devoted three sentences to the substantive analysis of this argument in its memorandum and included no further argument on this issue in its reply to Plaintiff's opposition.

*London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir. 1986) (*quoting Koster v. Lumbermen's Mut. Casualty Co.*, 330 U.S. 518, 527 (1947)).  "The general principal of the doctrine 'is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized.'"  *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 342 (5th Cir. 1999) (*citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947)).

The first step in a forum non conveniens analysis is to determine whether there exists an adequate and available alternative forum for resolution of the dispute. *Syndicate 420 at Lloyd's London,* 796 F.2d at 828 (5th Cir. 1986) (*citing Perusahaan Umum Listrik Negara Pusat v. M/V Tel Aviv*, 711 F.2d 1231, 1238 (5th Cir. 1983)).  The second step of the forum non conveniens inquiry involves the balancing of public and private interest factors.

> The private interest factors to be considered by the Court relate primarily to the convenience of the litigants. They include:
>
> (1) the relative ease of access to sources of proof;
> (2) the availability of compulsory process to secure the attendance of witnesses;
> (3) the cost of attendance for willing witnesses;
> (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.
>
> The public interest factors relevant to the analysis are:
> (1) the administrative difficulties flowing from court congestion;
> (2) the local interest in having localized controversies decided at home;
> (3) the familiarity of the forum with the law that will govern the case;

>   (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law.
>
>   *Id.* at 831 (*citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

In balancing the public and private interest factors, the Fifth Circuit has emphasized that "no one private or public interest factor should be given conclusive weight." *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 342 (5th Cir. 1999). Furthermore, the plaintiff's choice of forum is "entitled to great weight in the balancing of factors, and unless the balance strongly favors the defendants, the plaintiff's choice of forum should not be overturned." *Syndicate 420 at Lloyd's London*, 796 F.2d at 831 (*quoting Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

Defendant does not advocate for a certain venue; it argues only that Louisiana is an inconvenient one. Defendant points out that the accident occurred in Oklahoma, that Plaintiff's employer and Defendant both do business in Texas, and that the policy was negotiated and issued in Texas. Plaintiff responds that all major witnesses are in Louisiana and that Plaintiff, his wife, and the majority of treating doctors are all within the Eastern District of Louisiana. Plaintiff alleges that there are no witnesses to the accident in Oklahoma and that the Defendant routinely defends cases in the Eastern District of Louisiana. Finally, Plaintiff notes that Plaintiff's employer has an office

in Louisiana and that Plaintiff was employed within Louisiana.

As neither party disputes that courts in Texas or Oklahoma are adequate and available, the Court will focus its analysis on the second prong – the public and private factors.

Noting the significant deference that must be given to Plaintiff's choice of forum, this Court finds that the Eastern District of Louisiana constitutes a convenient forum.  The only private factor that weighs in favor of a different forum is the location of the accident, Oklahoma.  Defendant has not contested Plaintiff's claim as to the location of the majority of anticipated witnesses.  Thus, the private factors weigh in favor of Louisiana as a convenient forum.  Even if viewed in a light most favorable to Defendant, an analysis of the public factors remains inconclusive.  Both parties devoted considerable briefing to whether Louisiana or Texas law will apply.[4]  However, even if transferred to Texas, the disputes about choice of law would remain.  Further, even if Texas law must ultimately be applied, courts within this district have familiarity with the law of that state, given its proximity.  Therefore, the Court will not dismiss or transfer this case on the basis of forum non conveniens. *C.f.*, *Am. Dredging Co. v. Miller*, 510 U.S. 443, 455 (1994)(quoting *Piper Aircraft Co.*, 454 U.S. at 257 ("The forum

---

[4] Being unnecessary to its decision today, the Court does not resolve this issue at this point in the proceedings.

non conveniens determination is committed to the sound discretion of the trial court.")).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 4)** filed by Plaintiffs is **DENIED**.  It is denied without prejudice to Defendant's ability to raise the arguments made on its 12(b)(6) motion at a later stage in the proceedings.

This 28th day of July 2015.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE